## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

_____
                                          :
ROBERT HUGHES,                            :
                                          :
               Plaintiff,                 :        Civil Action No. 3:16-CV-02240
                                          :
         v.                               :        (Judge Kosik)
                                          :
STATE FARM MUTUAL                         :
AUTOMOBILE INSURANCE                      :
COMPANY,                                  :
               Defendant.                 :
_____          :

## MEMORANDUM

Before the Court for disposition is Defendant State Farm Insurance Company's ("State Farm" or "Defendant"), motion to dismiss Count II of Plaintiff Robert Hughes's ("Hughes" or "Plaintiff") complaint, which alleges insurance bad faith.  The motion has been fully briefed and is ripe for disposition.  For the reasons that follow, we will deny the motion.

## I. BACKGROUND

Plaintiff alleges serious and permanent physical and mental injuries as a result of an unknown and unidentified tortfeasor, crossing into Plaintiff's lane of travel, causing Plaintiff to swerve out of the way, leaving the roadway, and striking a telephone pole.  (Doc. 1, Not. of Removal, Ex. A, Compl. (hereinafter "Compl.") ¶ 5).  At the time of the accident, Plaintiff alleges that he was insured under a policy with the Defendant, providing uninsured motorist coverage in the aggregate amount of $200,000.00.  (Compl. ¶ 14, 15).  Plaintiff alleges that he presented a claim for uninsured motorist ("UM") coverage, as well as all pertinent medical records and documents in support of his UM claim to Defendant.  (Id. ¶ 17).  When Defendant

allegedly failed to provide Plaintiff with a reasonable settlement offer, Plaintiff initiated this suit in the Court of Common Pleas of Lackawanna County on October 4, 2016.  (Id. ¶ 19; Doc. 1, Not. of Removal).  On November 4, 2016, Defendant removed the action to this Court on the basis of diversity jurisdiction.  (Doc. 1, Not. of Removal).  On November 11, 2016, Defendant filed a motion to dismiss Count II of Plaintiff's two Count complaint.  (Id.).

## II. Jurisdiction

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The Plaintiff is domiciled in and resides in Old Forge, Pennsylvania.  (Compl. ¶1).  Defendant is an Illinois corporation with a principal place of business in Bloomington, Illinois.  (Doc. 1, Not. of Removal ¶12-14).  The amount in controversy exceeds $75,000.  (Id. ¶ 15).  Because we are sitting in diversity, the substantive law of Pennsylvania applies to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

## III.  Standard of Review

Defendant files the motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In considering a motion to dismiss Rule 12(b)(6), the court must accept all allegations in the complaint as true, and view all factual disputes in favor of the plaintiff.  Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  A motion under Rule 12(b)(6) allows the defendant to raise the defense that the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief.  The complaint must

provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007).  The issue in a motion to dismiss is whether the plaintiff should be entitled to

offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  See Phillips

v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply

calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary element"); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual

support for its claims.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does

not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (alteration in original

and internal citations omitted).  The court need not accept unsupported inferences, Cal. Pub.

Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal

conclusions cast as factual allegations, Twombly, 550 U.S. at 556.  Legal conclusions without

factual support are not entitled to the assumption of truth.  See Ashcroft v. Iqbal, 556 U.S. 662,

677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by

fact, which it accepts as true, the court must engage in a common sense review of the claim to

determine whether it is plausible.  This is a context-specific task, for which the court should be

guided by its judicial experience.  The court must dismiss the complaint if it fails to allege

enough facts "to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 677

(quoting <u>Twombly</u>, 550 U.S. at 570).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 677.

## IV. DISCUSSION

Defendant moves to dismiss the bad faith count of Plaintiff's complaint on the basis that it merely makes "conclusory" allegations that provide insufficient factual averments to support a bad faith claim.  Count II of Plaintiff's complaint asserts a statutory bad faith claim against Defendant, alleging, among other things, that: (1) Defendant provided an unreasonable settlement offer; (2) Defendant failed to pay benefits to Plaintiff when it should have paid; (3) Defendant ignored correspondence and settlement demands/offers; and (4) Defendant refused to provide justification of how it calculated its settlement offer to Plaintiff.  (Compl. ¶¶ 18-20).  In Paragraph 43(a) - (zz), Plaintiff further asserts Defendant's alleged bad faith conduct and actions.  (<u>Id</u>. ¶ 43(a)-(zz)).

Pennsylvania's bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann § 8371.

The statute does not define "bad faith."  Pennsylvania courts, however, have adopted the

4

following definition of "bad faith" on the part of an insurer:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent.  For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgement is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)).

The legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under Section 8371 has been adopted by the United States Court of Appeals for the Third Circuit.  The courts apply a two-part test "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F. 3d 230, 233 (3d Cir. 1997) (citing Terletsky, 649 A.2d at 688).

Defendant argues that Plaintiff fails to sufficiently allege a bad faith claim because he merely makes only general, conclusory statements, and merely states boilerplate legal conclusions.  According to Defendant, Plaintiff has alleged no facts to support its allegations.  After review of the complaint, we disagree.

As stated above, the Third Circuit requires that the plaintiff's complaint describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d. Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Additionally, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next state of litigation."  Id. at 234-35.

5

We find that at this stage of the litigation, taking Plaintiff's allegations as true, Plaintiff has adequately pled a bad faith cause of action.  In Paragraph 18, Plaintiff alleged that Defendant provided an unerasable settlement offer when it should have paid the benefits due to Plaintiff. (Compl. ¶ 18).  That Defendant ignored correspondence and settlement demands/offers by Plaintiff on many occasions.  (Id. at ¶ 19).  And that Defendant "refused to provide Plaintiff with the justification for, the basis of, or the method of how it calculated its low settlement offer."  (Id. at ¶ 20).  Accordingly, we find that the complaint states a plausible claim and presents a reasonable expectation that discovery will reveal evidence of the elements of a bad faith claim. Therefore, we will deny Defendant's motion to dismiss at this juncture.

## V. CONCLUSION

For the reasons set forth above, the Court will deny Defendant's motion to dismiss.  An appropriate order follows.

6